NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2653
_____

GARY D. CALDERWOOD,
d/b/a Calderwood Gallery,
                                        Appellant

v.

CARL ERIK RINSCH
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2:22-cv-02847)
District Judge: Honorable Juan R. Sanchez
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
March 14, 2025

Before: SHWARTZ, KRAUSE and CHUNG, *Circuit Judges*

(Filed: July 9, 2025)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

KRAUSE, *Circuit Judge*.

A jury found Appellee Carl Rinsch liable for breach of contract and returned a verdict in favor of Appellant Gary Calderwood, listing damages of $268,200. Interpreting that number to include the $200,000 that Rinsch had already paid, the District Court entered judgment awarding Calderwood the remaining $68,200. Calderwood now appeals that decision. Because we conclude that the Court properly interpreted the verdict form, we will affirm.

## I.    BACKGROUND

In September 2021, Rinsch contacted Calderwood—an owner of a high-end furniture store—expressing interest in buying a designer collection. Over several months, the parties exchanged price lists and invoices and whittled down the terms of sale. By January 31, 2022, the invoice reflected a $268,200 charge, in exchange for 14 pieces of furniture. At that point, Rinsch had already paid $200,000, leaving a $68,200 balance. But instead of completing his purchase, Rinsch walked away. Calderwood sued for breach of contract, and Rinsch brought a counterclaim for unjust enrichment, seeking the return of his $200,000.

Both the claim for entitlement to the full contract price and the counterclaim for return of Rinsch's $200,000 were submitted to the jury. After a two-day trial, the jury returned a verdict for Calderwood, stating on the verdict form that "the total amount of damages owed to Mr. Calderwood as a result of Mr. Rinsch's breach of contract" was $268,200, App. 103, and that "Mr. Calderwood is [not] liable . . . to return the $200,000" under an unjust enrichment theory, *id.* at 104. The District Court thus did not order

2

Calderwood's disgorgement of the $200,000 he had already received and, instead, entered a judgment of $68,200, covering the balance that Rinsch still owed. Calderwood timely appealed.[1]

## II. DISCUSSION[2]

Calderwood argues on appeal that the jury verdict unambiguously demonstrates that the jury intended to award him $268,200 not as a sum total—i.e., the $200,000 he was permitted to retain plus the $68,200 balance the judge ordered Rinsch to pay—but rather as a supplement to be combined with the $200,000 in his possession, for a sum total of $468,200. Under that view, the District Court's order requiring Rinsch to pay only an additional $68,200 disturbed the jury verdict and reduced damages by $200,000. Like the District Court, we read the verdict form differently, and we perceive no error.

A district court may constitutionally enter judgment "without regard to any imperfection or want of form in the verdict" if the verdict nonetheless "clearly manifests the intention and finding of the jury upon the issue submitted to them." *Smyth Sales v. Petroleum Heat & Power Co.*, 141 F.2d 41, 44 (3d Cir. 1944). When faced with an ambiguous verdict form, we must decide whether the District Court interpreted it "in a manner which reconciles [it] with the jurors' probable intention in light of the Court's

---

[1] Rinsch filed a pro se cross-appeal, which we dismissed for failure to prosecute. *Calderwood v. Rinsch*, No. 24-1286, 2024 WL 3811397, at *1 (3d Cir. Apr. 26, 2024).
[2] The District Court had jurisdiction under 28 U.S.C. § 1332, and we have jurisdiction under 28 U.S.C. § 1291.

3

instructions." *Scott v. Plante*, 641 F.2d 117, 125 (3d Cir. 1981), *vacated on other grounds*, 458 U.S. 1101 (1982).  Our review of that interpretation is plenary.[3]

Here, the District Court ably performed its task.  The Court interpreted the verdict to reflect the jury's "clearly manifested" intent to make Calderwood whole for breach of the January 31 agreement.  App. 2 (quotation omitted).  This interpretation reconciles the verdict with the jurors' intention because the jury was instructed to "put Mr. Calderwood in the position he would have been if Mr. Rinsch had not breached the contract."  App. 367.  And, as the Court recognized, "[i]t is . . . clear that the jurors found the operative contract breached by Rinsch was the one created on January 31, 2022, for 14 pieces of furniture in exchange for $268,200, as the number 68,200 appears nowhere else in the record."  App. 2.

---

[3] We review interpretation of a verdict sheet de novo.  *See Jama v. Esmor Corr. Servs., Inc.*, 577 F.3d 169, 173 (3d Cir. 2009); *Failla v. City of Passaic*, 146 F.3d 149, 153 (3d Cir. 1998).  The District Court, here, referred to its interpretive exercise as "molding" the verdict.  "Molding" typically refers to a district court crafting a judgment by harmonizing the jury's seemingly inconsistent responses to interrogatories.  *See, e.g.*, *Loughman v. Consol-Pennsylvania Coal Co.*, 6 F.3d 88, 104–05 (3d Cir. 1993); *McAdam v. Dean Witter Reynolds, Inc.*, 896 F.2d 750, 763–64 (3d Cir. 1990); *Bradford-White Corp. v. Ernst & Whinney*, 872 F.2d 1153, 1159 (3d Cir. 1989).  When there are no inconsistencies, however, the district court is merely tasked with interpreting, rather than molding, the verdict.  *See Jama*, 577 F.3d at 174.  Here, as we see no inconsistency in the jury's answers, we recognize the District Court's action as interpreting instead of molding.  Regardless, we see no error in the District Court's judgment.  We note that these issues may arise in the context of a Rule 59 motion for a new trial or to alter or amend a judgment.  We review the disposition of such motions "for abuse of discretion, except over matters of law"—such as the interpretation of a verdict form—"which are subject to plenary review."  *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 272 (3d Cir. 2001) (discussing motion to alter or amend judgment); *see Bradford-White Corp.*, 872 F.2d at 1158–59 (discussing motion for new trial).

Calderwood on the other hand, would have us over-read the verdict to mean he is entitled not just to what the jury awarded him on his claim, but also what the jury declined to award Rinsch on his counterclaim. Like the District Court, we cannot say a sum total of $468,200 was the jury's intention where "nothing in the record suggest[s] that there was, at any time, an agreement for $468,200." *Id.* at 3. Instead, the verdict sheet—however imperfectly expressed—"clearly manifests" the jury's intent to find that Rinsch breached a contract worth $268,200, is not entitled to the return of his $200,000 deposit, and must pay the remaining balance of $68,200. *Smyth Sales*, 141 F.2d at 44. As such, the District Court did not disturb, but rather implemented, the jury's verdict.

## III.  CONCLUSION

For the foregoing reasons, we will affirm the District Court's judgment.